E-FILED
Wednesday, 03 March, 2010 10:09:58 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DORCUS WITHERS,
    Plaintiff,

vs.                                          09-1035,

WEXFORD HEALTH,
    Defendants.

## CASE MANAGEMENT ORDER-

    This cause is before the court for consideration of various motions including: the plaintiff's motion for his medical records [d/e 35,46]; the plaintiff's motions for appointment of counsel [d/e 36, 41 ]; the plaintiff's motion for an extension of time to file a response to interrogatories [d/e 37]; the plaintiff's motion for a court order [d/e 53, 58]; the plaintiff's various motions to compel discovery [d/e 39, 40, 42-45]; and Defendant Mathes motion to strike the plaintiff's motion to compel discovery. [d/e 47].

    The pro se plaintiff filed his complaint pursuant to 42 U.S.C.§1983 against five defendants at Hill Correctional Center: Wexford Health, Medical Director Lois Mathes, Dr. Shutta, Deputy Warden Acevedo and Nurse Miller. The plaintiff claims the defendants violated the Eighth Amendment when they were deliberately indifferent to his serious medical condition. Specifically, the plaintiff alleges that he suffers from chronic back pain due to scoliosis, but the defendants refused to provide him care and allowed his condition to deteriorate.

### I. MOTION FOR MEDICAL RECORDS

    The plaintiff has filed additional motions for a copy of his medical records. [d/e 35, 46]. The court denied the plaintiff's last motions stating the plaintiff had not demonstrated that he had made any efforts through discovery to obtain his records, nor that he could not afford a copy. July 1, 009 Text Order. The plaintiff says he has repeatedly requested his medical records, but the Illinois Department of Corrections will not allow him any copies until he pays for them in full. The plaintiff says he will pay for the records, but does not currently have the entire amount.

    The plaintiff is proceeding pro se and needs a copy of his medical records to proceed. Therefore, the court will order the defendants to provide him a copy of his medical records now. The defendants must provide medical records from the plaintiff's transfer to Hill Correctional Center in March of 2007 until the filing of his lawsuit in January of 2009. The documents must be provided to the plaintiff within the next 14 days.

### II. MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSE

    The plaintiff has filed a motion asking for additional time to file a response to the

pending interrogatories. [d/e 37]. The plaintiff says he cannot properly respond without a copy of his medical records. The motion is granted. The plaintiff must provide a response, or may file a supplemental response, within the next 30 days.

### III. MOTIONS FOR APPOINTMENT OF COUNSEL

The plaintiff has renewed his motions for appointment of counsel. [d/e 36, 41]. The plaintiff says he does not believe he can adequately conduct discovery. In addition, the plaintiff says his case is complex, he will not be able to adequately investigate and he will not be able to find an expert to testify concerning scolosis. Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer, *Merritt v. Faulkner,* 697 F.2d 761, 763 (7th Cir. 1983), but federal district courts are authorized by statute to appoint counsel where justified by "exceptional circumstances." *Farmer v Haas,* 990 F.2d 319, 322 (7th Cir. 1993). In considering the plaintiff's motion for appointment of counsel, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

The plaintiff has demonstrated that he has made attempts to hire counsel on his own without success. However, at this point, the plaintiff appears capable of representing himself. The record clearly demonstrates that the plaintiff is actively pursuing his litigation and participating in the discovery process. While the plaintiff's case does involve medical care, the plaintiff claims he was denied all care and his condition worsened. The plaintiff will have access to his medical records, and can testify to his condition. In addition, it is not clear at this point that a scoliosis expert is necessary in this case. The plaintiff does not point to any specific information or analysis that is needed. The motions are denied with leave to renew.

### IV. MOTIONS FOR A COURT ORDER

The plaintiff has filed two motions asking the court to order that he continue to receive medical treatments. [d/e 53, 58] The plaintiff says he was allowed warm moist packs for his lower back three times a week, but those were discontinued after his deposition. The plaintiff alleges that he recently fell and blames the discontinued treatment. In addition, he says medical staff has told him he can achieve the same results with a warm washcloth in his cell, but the plaintiff disputes this claim because he says the water in his cell is not hot enough.

The defendant have responded that the plaintiff has filed a motion for preliminary injunction and has not met the qualifications for such an order. This response is not sufficient. The defendants are to inform the court why the treatments were stopped and what care the plaintiff is currently receiving for his condition. The defendants must provide this information within 14 days. If the plaintiff wishes to reply to the information provided by the defendants, he must do so within seven days after receiving the defendants' response.

The court also admonishes the plaintiff that he should not file the same motion more than once without allowing the court to consider the initial motion. The repetitive filing of motions

only bogs down the court system and delays the resolution of the motions. If the plaintiff continues to file the same motion repetitively without allowing the court a chance to consider the initial motion, the plaintiff could face sanctions.

## V. MOTIONS TO COMPEL DISCOVERY

The plaintiff has filed a variety of motions to compel asking the court to order the defendants to more fully respond to his discovery requests [d/e 39, 40, 42-45]; and Defendant Mathes has filed a motion to strike the plaintiff's motion to compel [d/e 47].

### A. MOTION TO COMPEL- DOCUMENTS [d/e 39, 42, 45]

In each of these motions, the plaintiff asks the court to order the defendants to provide the following documents: "#4) All complaints, grievances, or and other documents alleging misconduct, mistreatment, medical malpractice or anything relating to. #6) any dismissals of services, reprimands, suspensions, fines by any employees, employers, for reasons mentioned in question No. 5." [d/e 39, p.1]. The plaintiff's requests do not pertain to his claim that he was denied medical care. Therefore the motions to compel are denied [d/e 39, 42, 45] and Defendant Mathes motion to strike the motion to compel is denied as moot. [d/e 47]

### B. MOTION TO COMPEL- DEFENDANT MATHES [d/e 40]

The plaintiff says he sent interrogatories to Defendant Miller, but did not receive a response. The plaintiff has provided a copy of his interrogatories. Defendant Miller states she did respond to the interrogatories, but will send a second copy of her responses. The defendant has also provided a copy of her responses. The motion to compel is therefore denied. [d/e 40]

### C. MOTION TO COMPEL-DEFENDANT MATHES [d/e 43]

The plaintiff says Defendant Mathes did not full respond to interrogatories # 6-13. The plaintiff has provided a copy of his interrogatories and the responses provided. The plaintiff also asks the court to fine the defendant "$100 a day from the time the 30 days was up until these answers are given." (Plain Mot, p. 2) The plaintiff is not alleging the answers were late, but that the answers were not complete. The motion for damages is not appropriate, and is denied.

The plaintiff has reviewed interrogatories #6-13, and finds that the defendant's responses are adequate. The plaintiff's interrogatories are all speculative or hypothetical such as: "In your medical opinion should an inmate who cannot stand, and who is bent at the waist, be made to climb in a top bunk with no ladder, where there is a strong chance of him falling." (Plain Mot, p. 6, Int. #9). The defendant objected that the interrogatory was hypothetical, not relevant and calls for speculation. However, the defendant further stated that she is not a physician and only a physician has the authority to issue a low bunk or low gallery permit. The motion is denied.

D. MOTION TO COMPEL-DEFENDANT ACEVEDO [d/e 44]

The plaintiff says Defendant Acevedo did not properly respond to interrogatories #5-7. The plaintiff has provided copies of his interrogatories and the responses. The plaintiff again asks for $100 fine which is denied.

The court has reviewed interrogatories #5-7 and finds the responses are adequate. The questions are speculative and hypothetical.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions for copies of his medical records are granted. [d/e 35, 46] The defendants must provide medical records from March of 2007 to January of 2009. The documents must be provided to the plaintiff within the next 14 days.**

**2) The plaintiff's motion for additional time to file a response to the pending interrogatories is granted. [d/e 37]. The plaintiff must file a response, or may file a supplemental response, within the next 30 days.**

**3) The plaintiff's motions for appointment of counsel are denied with leave to renew. [d/e 36, 41].**

**4) The defendants must provide a more complete response to the plaintiff's claim that he has been denied medical treatment since his deposition. [d/e 53, 58] The defendants must provide this response within 14 days. If the plaintiff wishes to reply to the defendants' response, he must file this reply within 7 days after receiving the response from the defendants.**

**5) The defendants motions to compel discovery are denied [d/e 39, 40, 42, 43, 44, 45]; and Defendant Mathes motion to strike a motion to compel is denied as moot. [d/e 47].**

Enter this 3rd day of March, 2010.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE